Varadero Master Fund, L.P. v Gomez (2023 NY Slip Op 04742)

Varadero Master Fund, L.P. v Gomez

2023 NY Slip Op 04742

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Manzanet-Daniels, J.P., Mendez, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 650164/21 Appeal No. 629-630 Case No. 2023-00099, 2023-00377 

[*1]Varadero Master Fund, L.P., Plaintiff-Respondent,
v
Rafael Gomez, Defendant-Appellant.

Lanin Law P.C., New York (Scott L. Lanin of counsel), for appellant.
Provenzano Granne & Bader LLP, New York (Jennifer Bader of counsel), for respondent.

Judgment, Supreme Court, New York County (Debra A. James, J.), entered January 13, 2023, awarding a money judgment in plaintiff's favor, and bringing up for review an amended order, same court and Justice, entered December 22, 2022, which granted plaintiff's motion for summary judgment in lieu of complaint, unanimously affirmed, with costs.
Plaintiff demonstrated its entitlement to relief under CPLR 3213 when it established "the existence of the guaranty, the underlying debt and the guarantor's failure to perform under the guaranty," as defendant acknowledged that the existence of the promissory note between his company and plaintiff, defendant's unconditional guaranty of the note, and the payments made to plaintiff were not in dispute (see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015]). Although the underlying transactions that ultimately resulted in the promissory note may have been complex, recourse to those terms is unnecessary to enforce the guaranty here, as the note states that it superseded all prior agreements between the parties and expressly referenced defendant's unconditional guaranty of the note, executed the same day, which waived all defenses, including those raised by defendant here (cf. PDL Biopharma, Inc. v Wohlstadter, 147 AD3d 494 [1st Dept 2017]).
Contrary to defendant's further contention, the guaranty specifically states that no notice to or recourse against the note is required for plaintiff to proceed against defendant on the guaranty. Nor did the guaranty of the note's performance obligations create a condition precedent or otherwise render the "promise to pay something other than unconditional" to warrant denial of plaintiff's motion (see e.g. iPayment, Inc. v Silverman, 192 AD3d 586, 587 [1st Dept 2021], lv dismissed 37 NY3d 1020 [2021]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023